Case 4:21-cv-03098   Document 43   Filed on 07/25/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WALTER ZAWISLAK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-3098 |
| | § | |
| **MEMORIAL HERMANN HEALTH SYSTEM**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a *pro se* case brought in connection with a medical review process of plaintiff's care as a physician between 2008 and 2009. Pending before the Court[1] are Defendant's Motion to Dismiss (Dkt. No. 5), Defendant's Motion for Sanctions (Dkt. No. 28), and Plaintiff's Motion for Sanctions (Dkt. No. 29). Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the Motion to Dismiss be **GRANTED** and both Motions for Sanctions be **DENIED**.

### I. BACKGROUND

Plaintiff Walter Zawislak ("Plaintiff") filed this action on September 23, 2021 alleging that Defendant Memorial Hermann Health System ("Defendant") engaged in misconduct during its review of three patient deaths under Plaintiff's care and during a subsequent investigation by the Texas Medical Board ("Board"). (Dkt. No. 1.) Plaintiff particularly alleges Defendant failed to disclose exculpatory evidence surrounding one patient death, which lead to an adverse report on the National Practitioner Data Bank ("NPDB") and adverse findings by the Board. (*Id.*) Plaintiff

---

[1] On April 26, 2022, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 39.)

appears to bring various state-law causes of action, such as fraud, but asserts the Court has subject matter jurisdiction under the Standards for Professional Review Actions of the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. § 11112. (*Id.* at 8.) Plaintiff seeks monetary damages, a declaratory judgment stating Defendant does not have qualified immunity from suit, and a temporary restraining order for removal of the NPDB report, among other requests. (*Id.* at 23–26.) Plaintiff filed an amended complaint on September 27, 2021, making the same factual and legal allegations as his original complaint. (Dkt. No. 3.) Plaintiff has brought at least seven other lawsuits surrounding the facts alleged in this case, none of which have been successful.

On November 4, 2021, Defendant filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). (Dkt. No. 5.) Defendant argues the Court lacks subject matter jurisdiction over the case because Plaintiff does not plead a federal cause of action or otherwise identify a basis for federal jurisdiction. (*Id.* at 6–7.) Alternatively, Defendant argues Plaintiff fails to state a claim because he does not allege any standalone causes of action and because his claims are barred by res judicata and collateral estoppel. (*Id.* at 7–12.) Defendant also moves to deem Plaintiff a vexatious litigant and enjoin him from filing future lawsuits without permission. (*Id.* at 13.) In response, Plaintiff primarily repeats the facts alleged in his complaint—that Defendant concealed or falsified documents during the medical review process—and asserts that this "renders [Defendant's] arguments to dismiss moot." (Dkt. No. 9 at 1–2.) Plaintiff also reasserts that the Court has subject matter jurisdiction under the HCQIA. (*See* Dkt. No. 14 at 1–2.)

The parties, and particularly Plaintiff, have since submitted numerous filings to the Court. For example, Plaintiff filed a Motion for Court Order directed at the Harris County Clerk's Office (Dkt. No. 10), a Motion for Emergency Order seeking to compel Defendant to produce certain documents to the NPDB (Dkt. No. 15), two Motions for Sanctions against the President of

Memorial Hermann Health System who is not a party to this suit (Dkt. Nos. 20, 21), and various other requests (Dkt. Nos. 4, 8, 19, 38, 40).[2] Defendant moved for Rule 11 sanctions against Plaintiff for bringing successive, meritless lawsuits as to the same set of facts and requesting the Court fine Plaintiff $100,000, bar him from filing any future actions until the fine is paid, and order Plaintiff to pay Defendant's fees associated with this lawsuit. (Dkt. No. 28.) Plaintiff, apparently in response, moved for sanctions against Defendant for failure to produce documents during the medical review process and during his second lawsuit. (Dkt. No. 29.) On July 11, 2022, the Court stayed discovery and directed Plaintiff not to make any future filings until it ruled on the pending dispositive motions. (Dkt. No. 42.)

After a thorough review of this case, the Court finds it lacks subject matter jurisdiction, the case should be dismissed, and Plaintiff should be enjoined from filing any future cases in this District without permission. The Court also finds it appropriate to deny both parties' motions for sanctions at this time, although Defendant should be permitted to renew its motion with the proper documentation. All other open motions in the case should be denied.

## II.     SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.[3] "Federal question jurisdiction exists when 'a well-pleaded complaint

---

[2] Plaintiff also improperly filed his complaints and responsive briefs as open motions. (Dkt. Nos. 1, 3, 9, 13, 14.)

[3] Federal courts also have original jurisdiction over civil actions between citizens of different states that involve an amount in controversy over $75,000. 28 U.S.C. § 1332. Diversity jurisdiction does not exist here and, indeed, Plaintiff does not assert otherwise. (*See* Dkt. No. 1-1.)

establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). Courts "must presume that a suit lies outside [their] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen*, 511 U.S. at 377). When both subject matter jurisdiction and failure to state a claim are at issue in a case, the court should "consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Federal question jurisdiction does not exist in this case. Plaintiff's assertion that the Court has subject matter jurisdiction under the HCQIA is incorrect because that statute merely "provides immunity to health care providers against certain claims for money damages brought by participants in professional peer review actions." *Morice v. Hosp. Serv. Dist. #3*, 430 F. Supp. 3d 182, 203 (E.D. La. 2019). It does not create a private cause of action or confer federal jurisdiction over a case involving such an immunity defense. *See Carr v. United Reg'l Health Care Sys., Inc.*, No. 06-CV-194, 2006 WL 2370670, at *3 (N.D. Tex. Aug. 16, 2006) (noting the HCQIA "does not create a private right of action in favor of a physician" and holding plaintiff's claims under the HCQIA did not present a federal question); *see also Ownby v. Univ. of Ala. Health Servs. Found., P.C.*, 331 F. Supp. 3d 1320, 1324–29 (N.D. Ala. 2018) (holding claims that implicated the HCQIA and requested related equitable relief did not raise a substantial federal question so as to confer jurisdiction); *Gaskill v. VHS San Antonio Partners LLC*, 970 F. Supp. 2d 609, 612–13 (W.D. Tex. 2013) (same). The Declaratory Judgment Act is, likewise, not an independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *Jones v. Alexander*, 609 F.2d 778, 781

(5th Cir. 1980). Plaintiff does not attempt to bring claims under any other federal statute or law, as far as the Court can decipher, and thus federal question jurisdiction does not exist.

This action should be dismissed without prejudice for lack of subject matter jurisdiction. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (explaining dismissal for lack of subject matter jurisdiction must be without prejudice). The Court need not address Defendant's other arguments for dismissal.

### III.  INJUNCTION ON FUTURE FILINGS

"[F]ederal courts . . . have the inherent power to impose sanctions against vexatious litigants." *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002). This includes the authority to enjoin parties, including *pro se* litigants, from making vexatious filings with the court. *Silver v. Bemporad*, No. 19-CV-284, 2019 WL 1724047, at *3 (W.D. Tex. Apr. 18, 2019); *see Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) ("[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). In determining whether a pre-filing injunction is appropriate, courts must consider: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Silver*, 2019 WL 1724047, at *3 (quotations omitted). A pre-filing injunction must be narrowly tailored to meet the needs of the courts, innocent parties, and litigants. *Id.*

Plaintiff here should be enjoined from filing suit in this District without permission from the Court. This is the eighth lawsuit—and the third against Defendant in particular—that Plaintiff has filed surrounding the same medical review process that took place fifteen years ago. (Dkt. No.

5 at 3–6.) Three of these lawsuits were decided on the merits, two were dismissed for lack of jurisdiction, and two were dismissed by Plaintiff. (*Id.*) None have resulted in a favorable outcome to Plaintiff. (*See id.*) In fact, Plaintiff was sanctioned at least once in state court and was warned as to his improper conduct at least once by a judge in this District. (*Id.* at 1–2, 4.) His conduct in this lawsuit confirms a pattern of submitting requests without any legal or factual basis. (*See, e.g.*, Dkt. Nos. 10, 15, 20, 21, 29, 40.) His conduct has imposed a significant burden on this Court, as well as others, and is clearly not pursued in good faith. Any sanction less than an injunction would be insufficient.

The Court, therefore, finds that Plaintiff is a vexatious litigant and should be enjoined from filing any lawsuits in this District without prior permission. *See, e.g.*, *Matter of Carroll*, 850 F.3d 811, 815–16 (5th Cir. 2017) (affirming injunction against *pro se* litigants who repeatedly attempted to litigate issues that were resolved against them or that they had no standing to assert); *Budri v. FirstFleet Inc.*, No. 21-CV-1872, 2021 WL 6496786, at *5–6 (N.D. Tex. Oct. 22, 2021) (finding pre-filing injunction appropriate when *pro se* plaintiff had a history of filing frivolous lawsuits arising from the same set of facts and pursued a vexatious litigation strategy in the case), *report and recommendation adopted*, 2021 WL 5629149 (Nov. 30, 2021); *Silver*, 2019 WL 1724047, at *3 (enjoining *pro se* plaintiff from filing lawsuits without first moving for leave to do so, as plaintiff had a history of filing harassing and duplicative lawsuits without a good faith basis).

### IV. OTHER SANCTIONS

Defendant moves for Rule 11 sanctions against Plaintiff, seeking to impose a $100,000 fine on Plaintiff, bar him from filing future suits until that fine is paid, and award attorney's fees and expenses for defending this case. (Dkt. No. 28.) Rule 11 provides for monetary or non-monetary sanctions against an attorney or unrepresented party who presents a pleading, motion, or other

paper that is frivolous or unsupported in law or fact. FED. R. CIV. P. 11. Rule 11 serves to "deter[] baseless filings and spar[e] innocent parties and overburdened courts from the filing of frivolous lawsuits." *Cunningham v. Matrix Fin. Servs., LLC*, No. 19-CV-896, 2021 WL 2796645, at *1 (E.D. Tex. Feb. 12, 2021) (quotations and alterations omitted); *see also Knatt v. Hosp. Servs. Dist. No. 1 of E. Baton Rouge Par.*, No. 03-CV-442, 2006 WL 8431991, at *5 (M.D. La. Feb. 1, 2006). Imposing sanctions under Rule 11 is an extraordinary remedy "to be exercised with extreme caution." *Cunningham*, 2021 WL 2796645, at *1 (quotations omitted).

The Court finds it inappropriate to sanction Plaintiff under Rule 11 at this time. First, the Court has already recommended Plaintiff be restricted from filing future lawsuits in this District without permission, which renders Defendant's request for relief less urgent. Second, Defendant provides no support or explanation as to why $100,000 would be a proper amount to fine Plaintiff in light of his conduct. Third, Defendant does not submit an affidavit or itemization of the attorney's fees and costs expended in this case, but instead asks for two weeks from a ruling on its motion to submit such documentation. The Court finds it more appropriate in this situation to evaluate the merits of the fee request and the reasonableness of the fee amount at the same time.[4] The Court, therefore, recommends denying Defendant's motion for Rule 11 sanctions without prejudice to renewal.

Plaintiff moves for sanctions against Defendant based on its "suppression of exculpatory evidence" during the medical review process and during his second lawsuit. (Dkt. No. 29.) Plaintiff does not specify the legal basis for such sanctions, except for a misplaced reference to the Texas

---

[4] *See Williams v. Terrebonne Par. Sheriff's Off.*, No. 04-CV-1173, 2006 WL 622777, at *8 (E.D. La. Feb. 24, 2006) (noting the party seeking attorney's fees "has the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended" and denying Rule 11 motion for failure to do so).

Occupations Code, and largely recites the facts alleged in his complaint. (*See id.*) The evidence Plaintiff attaches to his motion is incomplete, not authenticated, and fails to demonstrate any failure on the part of Defendant. (*See* Dkt. No. 29-1.) In fact, some of the evidence demonstrates Defendant complied with its obligations to provide documents during the medical review process. (*See id.* at 5–6.) Plaintiff otherwise fails to demonstrate Defendant engaged in sanctionable conduct. Plaintiff's request for sanctions should be denied.

### V.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion to Dismiss (Dkt. No. 5) be **GRANTED** and the case be **DISMISSED WITHOUT PREJUDICE**. The Court **FURTHER RECOMMENDS** Defendant's Motion for Sanctions (Dkt. No. 28) be **DENIED WITHOUT PREJUDICE** and Plaintiff's Motion for Sanctions (Dkt. No. 29) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on July 25, 2022.

Sam S. Sheldon
United States Magistrate Judge