United States District Court
Southern District of Texas
**ENTERED**
September 20, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER ZAWISLAK | § | |
| | § | |
| VS | § | CIVIL ACTION NO. H: 21-3098 |
| | § | |
| MEMORIAL HERMAN HEALTH SYSTEM | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**
**and INJUNCTION**

Pending before the Court in the above referenced proceeding is Defendant's Motion to Dismiss (Doc. No. 6); Defendant's Motion for Sanctions (Doc. No. 28); Plaintiff's Motion for Sanctions (Doc. No. 29); Magistrate Judge Sheldon's Memorandum and Recommendation (Doc. No. 43) that the Court grant the Defendant's Motion to Dismiss and deny both Motions for Sanctions; and Defendant's Objections (Doc. No. 44) to the Memorandum and Recommendation.

The Court has carefully reviewed, *de novo*, the filings, the applicable law, the Magistrate Judge's Memorandum and Recommendation, and the objections thereto, and agrees with the Magistrate Judge's conclusion no subject matter jurisdiction exists and this case must be dismissed.

Additionally, as to Plaintiff's Motion for Sanctions (Doc. No. 29), Plaintiff did not specify a legal basis for sanctions. It is hereby denied. As to Defendant's motion for Rule 11 sanctions (Doc. No. 28), Defendant did not timely submit an affidavit or itemization of attorney's fees and costs expended in this case and recommends denying Defendant's motion without prejudice to renewal. Defendant has now attempted, by means of its objections to the Magistrate's Memorandum and Recommendation, to include a Declaration and itemization of attorney's fees and costs. This is not the proper vehicle to have used or time to have filed such evidence, when these motions have

been pending for months. Accordingly, the objections are denied.

**INJUNCTION**

"[F]ederal courts . . . have the inherent power to impose sanctions against vexatious litigants." *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002). This includes the authority to enjoin parties, including pro se litigants, from making vexatious filings with the court. *Silver v. Bemporad*, No. 19-CV-284, 2019 WL 1724047, at *3 (W.D. Tex. Apr. 18, 2019); *see Farguson v. MBank Houston*, N.A., 808 F.2d 358, 359 (5th Cir. 1986) ("[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). In determining whether a pre-filing injunction is appropriate, courts must consider: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Silver, 2019 WL 1724047, at *3 (quotations omitted). A pre-filing injunction must be narrowly tailored to meet the needs of the courts, innocent parties, and litigants. *Id.*

In light of Zawislak's extensive history of frivolous and abusive litigation, as detailed in the Memorandum and Recommendation, Zawislak is hereby **ENJOINED AND PRECLUDED** from filing any new case in this District against Memorial Herman Health System, its officers, employees, affiliates, subsidiaries, or anyone else connected with Memorial Hermann Health System, unless he first obtains written permission, in advance, from the undersigned or from the Chief Judge for the Southern District of Texas. Any violation of this Order will be considered contempt of court and will subject the violator to sanctions, including but not limited, any costs and fees incurred by the

opposing party. It is therefore

**ORDERED** that Defendant's Objections (Doc. No. 44) are **OVERRULED**; the Memorandum and Recommendation (Doc. No. 43) is **ADOPTED**; and Memorial Hermann Health System's Motion to Dismiss (Doc. No. 6) is **GRANTED**. It is further

**ORDERED** that Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

Finally, while this Court has denied Defendant's objections with regard to the motions for sanctions, it does so without prejudice and it will reconsider its ruling should Plaintiff continue to pursue this matter further, with the sole exception of any appeal in this case.

All other pending motions are **DENIED** as moot.

SIGNED at Houston, Texas, this ___19th___ day of September 2022.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE